IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 25-cv-03242-PAB

VENG VANG,

    Petitioner,

v.

JUAN BALTAZAR, Warden of the Denver Contract Detention Facility, Aurora, Colorado, in his official capacity,
ROBERT GAUDIAN, Field Office Director, Denver Field Office, U.S. Immigration and Customs Enforcement, in his official capacity,
KRISTI NOEM, Secretary, U.S. Department of Homeland Security, in her official capacity,
TODD LYONS, Acting Director of Immigration and Customs Enforcement, in his official capacity, and
PAM BONDI, Attorney General, U.S. Department of Justice, in her official capacity,

    Defendants.

## ORDER

This matter comes before the Court on the Verified Petition for Writ of Habeas Corpus [Docket No. 1] and Plaintiff's Motion for Temporary Restraining Order and/or Preliminary Injunction [Docket No. 3], both filed by petitioner Veng Vang. Respondents filed a response to the motion for a temporary restraining order ("TRO"). Docket No. 11.

### I. BACKGROUND[1]

On October 14, 2025, petitioner filed his petition for a writ of habeas corpus and TRO motion. *See* Docket Nos. 1, 3. Petitioner entered the United States in 1994 as the

---

[1] The facts below are taken from Mr. Vang's petition for writ of habeas corpus, Docket No. 1, unless otherwise noted.

child of a refugee and became a lawful permanent resident in 1996. Docket No. 1 at 2, ¶ 2. Immigration and Customs Enforcement ("ICE") detained petitioner and placed him into removal proceedings because of his contact with the criminal legal system. *Id.* On June 14, 2012, an immigration judge ordered that petitioner be removed to Thailand. *Id.*[2] On September 14, 2012, ICE released petitioner from custody on an order of supervision because ICE was unable to obtain travel documents to remove petitioner and because ICE determined that petitioner was neither a flight risk nor a danger to the community. *Id.* On July 8, 2025, ICE again detained petitioner and held him at the ICE Denver Contract Detention Facility in Aurora, Colorado (the "Aurora Facility"). *Id.*

The substance of both petitioner's writ and TRO motion is that ICE detained petitioner without any "significant likelihood of removal in the reasonably foreseeable future" and that ICE has exhausted the "presumptively reasonable period of detention" under *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001). *See, e.g.*, Docket No. 1 at 10, ¶ 41. Among other relief, petitioner seeks to be released from ICE custody. *Id.* at 27; Docket No. 3 at 22.

The respondents' response to the motion for a TRO, filed on October 17, 2025, stated that on August 6, 2025, ICE obtained a travel document for petitioner from the Embassy of the Lao People's Democratic Republic ("Laos")[3] and that, on September 17, 2025, ICE nominated petitioner to be placed on the next available deportation flight. Docket No. 11 at 5. The respondents stated that ICE had scheduled petitioner for removal to Laos on a flight departing the United States on October 22, 2025. *Id.*

---

[2] Petitioner does not contest that this order constituted a final order of removal. *See, e.g.*, Docket No. 1 at 2, ¶ 1.

[3] Respondents state that petitioner is a national of Laos. Docket No. 11 at 4.

2

On October 20, 2025, the Court ordered respondents to file a status report by 5:00 p.m. on October 23, 2025, advising whether petitioner had been removed from the United States.  Docket No. 12.  On October 23, 2025, respondents filed a status report, along with an accompanying declaration from an ICE deportation officer, stating that petitioner had left the United States on a deportation flight on October 22, 2025.  Docket No. 13 at 1.  On October 28, 2025, respondents filed a second status report, again with an accompanying declaration from an ICE deportation officer, stating that petitioner had reached his final destination in Laos on October 26, 2025.  Docket No. 14 at 1.  Respondents asserted that, based on petitioner's removal, petitioner's claims regarding his detention were now moot.  *Id.* at 1-2.

On October 29, 2025, the Court ordered petitioner to respond, on or before November 12, 2025, to respondents' argument that petitioner's claims were moot.  Docket No. 15.  On November 11, 2025, petitioner filed a response, stating that he "does not contest that his physical removal from the United States rendered his Petition (ECF 1) and Motion (ECF 3) moot because he is no longer in Respondents' custody."  Docket No. 15 at 2.

The Court agrees with the parties that, given petitioner's removal to Laos, petitioner's petition for writ of habeas corpus and motion for a TRO, both of which requested petitioner's release from ICE custody, are now moot.  The Court will therefore deny the petition and the motion as moot.

Accordingly, it is

**ORDERED** that the Verified Petition for Writ of Habeas Corpus [Docket No. 1] is **DENIED as moot**.  It is further

**ORDERED** that Plaintiff's Motion for Temporary Restraining Order and/or Preliminary Injunction [Docket No. 3] is **DENIED as moot**. It is further

**ORDERED** that this case is closed.

DATED November 18, 2025.

BY THE COURT:

 s/ Philip A. Brimmer
PHILIP A. BRIMMER
Chief United States District Judge